# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $77,000.00 IN U.S. CURRENCY,<br><br>        Defendant. | No. 1:11-cv-01251 GSA<br><br>**ORDER REGARDING CLAIMANT'S MOTION TO STRIKE COMPLAINT AND/OR DISMISS ACTION AND PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>**(Docs. 44 and 47)** |

## I. INTRODUCTION

On July 28, 2011, the United States ("the government") filed a complaint for forfeiture *in rem* against approximately $77,000.00 in U.S. Currency ("defendant currency"), alleging that the defendant currency was subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). Doc. 1. On August 15, 2011, Felix Velasco (the "Claimant") filed a claim to possession and ownership of the defendant currency. Doc. 7. On August 29, 2011 the defendant currency was arrested pursuant to a warrant for arrest of articles *in rem* issued by the Clerk of this Court. Docs. 6 and 10. On September 6, 2011, the United States filed a notice of publication stating that notice of this civil forfeiture action was posted on the official government forfeiture website, www.forfeiture.gov, for 30 consecutive days between August 3 and September 1, 2011. Doc. 12. On the same date, the United States also filed certificates of service showing that notice

1

of this action had been given to Felix Velasco and Jorge Luis Tostado Delgado on August 17, 2011. Doc. 13. The Clerk of this Court entered default against Jorge Luis Tostado Delgado on April 19, 2013. Doc. 65.

Pending before the Court is the Claimant's motion to strike the complaint and/or dismiss this action and the United States' related motion for leave to amend the complaint. Docs. 44 and 47. After these motions were filed on January 18, 2013 and January 25, 2013, respectively, a settlement conference was held in the case, and on April 23, 2013, the parties filed a notice of settlement in this matter. Doc. 66. On June 4, 2013, during a telephonic status conference, the parties advised the Court that in light of the settlement, they would submit a stipulation resolving both motions. Docs. 70, 71. During a subsequent telephonic status conference on August 7, 2013, the parties advised the Court that the Claimant had rejected the settlement previously agreed upon and was no longer amenable to resolving the pending motions by stipulation. Doc. 73. Instead, the Claimant requested the Court to rule on the motions, which implicate the question of whether the Court has *in rem* jurisdiction to adjudicate the *res*, i.e., the defendant currency, in this matter. Doc. 73.

## II.  THE ISSUES RAISED IN THE MOTIONS

The Claimant's motion to strike the complaint and/or dismiss this action is premised on the fact that while the complaint in this action is entitled "Verified Complaint for Forfeiture *In Rem*," the complaint actually is unverified. *See* Doc. 1. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which "governs a forfeiture action in rem arising from a federal statute," requires the complaint in such actions to "be verified." Rule G, Supp. Rules. Here, the complaint filed by the United States to initiate this case does not contain any verification or affidavit made under penalty of perjury attesting to the veracity of the allegations in the complaint. Under a Ninth Circuit case, *United*

2

*States v. $84,740.00 U.S. Currency*, 900 F.2d 1402 (9th Cir. 1990), rev'd. on other grounds by *Republic Nat'l Bank v. United States*, 506 U.S. 80, 89 (1992) , the effect of this omission is jurisdictional. In *$84,740.00 U.S. Currency*, the Ninth Circuit held that "the government's failure to properly verify the complaint deprived the district court of [*in rem*] jurisdiction over the money." *$84,740.00 U.S. Currency*, 900 F.2d at 1405-1406. The Claimant argues that in light of *$84,740.00 U.S. Currency*, this Court lacks subject matter jurisdiction to adjudicate the *res* and therefore "[t]he present case must be dismissed" and the defendant currency returned to him.[1] Doc. 44-1 at 4, 5-6.

The United States has explained that the "standard practice" in all civil forfeiture cases filed by the government "is to include a separate verification page at the back of the complaint." Doc. 47, Govt. Mtn. to Amend Cmplt. at 3. In the instant case, the requisite verification was prepared along with the original complaint and was part of "the native computer file in which the complaint was created," but when the complaint was converted to an Adobe PDF document in the process of filing it electronically with the Court, the verification page was excluded from the converted document actually filed. Doc. 51, Govt. Opp. to Clmt.'s Mtn. to Dismiss, at 3; *see also* Doc. 53, Govt.'s Reply to Clmt.'s Opp. to Govt.'s Mtn. to Amend, at 1-2. In the government's words:

> It remains a mystery why the verification was not filed with this particular complaint, as the original signed verification dated July 28, 2011, is in the paper file of the United States and the native

---

[1] The Ninth Circuit in *$84,740.00 U.S. Currency* held that a lack of verification in the complaint deprived the district court of *in rem* jurisdiction over the money. *$84,740.00 U.S. Currency*, 900 F.2d at 1405-1406. In the asset forfeiture context, that means that the district court lost subject matter jurisdiction over the money to the extent that, in an *in rem* action, "the subject matter *is* the defendant *res*." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc*., 366 F.3d 767, 771 (9th Cir. 2004) (emphasis in original); *see also Alyeska Pipeline Service Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir. 1983) ("In an *in rem* admiralty action ... a vessel or other property against which the lien is asserted becomes the *res* or subject matter of the action.... Jurisdiction over the *res* is obtained by arrest under process of the court."). Specifically, the lack of verification deprives the district court of jurisdiction over the money, such that the district court lacks the power to arrest or transfer the money. *See $84,740.00 U.S. Currency*, 900 F.2d at 1406.

> computer file in which the document was created shows a verification with the electronic signature of the verifying federal agent. However, it appears that when the conversion of the native computer file to Adobe PDF was accomplished, the verification was inexplicably not included with the conversion.

Doc. 51, Govt. Opp. to Clmt.'s Mtn. to Dismiss, at 3. The United States argues that "this defect can easily be cured by filing an amended complaint with the appropriate verification," and points out that "in very similar circumstances, in *United States v. $84,740.00 U.S. Currency*, the Ninth Circuit remanded the case to the district court to allow the government to file an amended complaint." *Id.* at 4 (citation omitted).

After the Claimant filed his motion to strike the complaint and/or dismiss this action, the government filed a motion seeking the Court's leave to amend its complaint to add the missing verification. Doc. 47; *see* Fed. R. Civ. P. Rules 15(a)(1)(B) and 15(a)(2). The Claimant opposed the government's motion on grounds that the proposed amendment would be futile. Doc. 52. Specifically, the Claimant argues that the amended complaint would not relate back to the filing date of the original complaint, and hence would be untimely in light of the 90-day filing deadline applicable to forfeiture actions arising from an administrative forfeiture. *See* 18 U.S.C. § 983(a)(3)(A). The government counters in its reply that pursuant to the applicable standard set forth in Rule 15(c)(1)(B), the proposed amendment would relate back to the filing date of the original pleading.

Under Rule 15(c)(1)(B), an amendment relates back if it "assets a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." The government's position is that this standard is met here since the proposed amended complaint is substantively identical to the original pleading, with only the missing verification page added. Doc. 53 at 3 (the proposed amended complaint "asserts the exact same claim arising out of the exact same conduct, transaction, and occurrence as actually set forth in

the original pleading—because the amendment *is* the original pleading" plus a verification page prepared with the original complaint) (emphasis in original).

In the discussion below, the Court addresses both motions pending before it: the Claimant's motion to strike the complaint and/or dismiss this action and the government's motion for leave to amend the complaint.

### III. DISCUSSION

#### A. Applicable Legal Standards

In *United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1405 (9th Cir. 1990), the Ninth Circuit held that the filing of a properly verified complaint is a prerequisite to obtaining *in rem* jurisdiction over the *res* or subject matter of the action. Specifically, the Court in *$84,000 U.S. Currency* held that on account of the defective verification in the complaint in that action, and the resultant lack of subject matter jurisdiction, the claimant was excused from filing a claim or answer in the matter and, in turn, was entitled to move the district court to set aside a default judgment entered two years earlier.

In *$84,740.00 U.S. Currency*, after noting that the improper verification in the complaint deprived the district court of jurisdiction, the Ninth Circuit remanded the case to the district court to allow the government "to request that the district court allow amendment of its complaint." *Id.* at 1406; *see also Complaint of McLinn*, 744 F.2d 677, 685 (9th Cir. 1984) (on remand, plaintiffs may seek to cure jurisdictional defects); 29 D. Norse & S. Gellert, Moore's Federal Practice ¶ 704.01 (2008) (complaint without verification may be amended to cure the defect) (citing *Joyce v. United States,* 106 F. Supp. 719, 722 (D.N.J. 1952); *United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1547-1549 (11th Cir. 1987) (forfeiture complaint not meeting probable cause standard dismissed without prejudice and with leave to amend); *United States v. Currency*

*$267,961.07, et al.,* 916 F.2d 1104, 1108 (6th Cir. 1990) (absent prejudice to the opposing party, leave to amend a pleading is appropriate in an asset forfeiture action).

Rule 15 of the Federal Rules of Civil Procedure sets forth the applicable procedural mechanisms for amending a complaint.[2] Rule 15 provides that before trial a complaint may be amended as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P., Rule 15(a)(1)(A) and (B). Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P., Rule 15(a)(2). Regarding the relation back of an amendment, Rule 15 provides in pertinent part: "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P., Rule 15(c)(1)(B).

As a general matter, courts apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *also see DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (parentheses in original, internal quotation marks omitted). In determining whether to grant leave to amend, courts consider a number of

---

[2] Actions *in rem* are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rule A(2) states: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." In deciding a motion to amend in forfeiture actions, courts must apply Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990). The Advisory Committee Notes (Subdivision (1)) on the adoption of the 2006 amendments to the Supplemental Rules also state as follows:

> The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate. Both Rule G(1) and Rule A state this basic proposition. Rule G, for example, does not address pleadings amendments. Civil Rule 15 applies, in light of the circumstances of a forfeiture action.

6

factors identified by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). These factors, known as the *Foman* factors, include (1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Eminence Capital*, 316 F.3d at 1052; *also see Griggs v. Pace. Amer. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (consideration of a motion to amend based on *Foman* factors "should generally be performed with all inferences in favor of granting the motion"). Not all of these factors merit equal weight. Rather, the Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight," such that "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (citations and internal quotation marks omitted). Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original); *see also DCD Programs*, 833 F.2d 186-87 (noting that the party opposing amendment "bears the burden of showing prejudice" and that "delay, by itself, is insufficient to justify denial of leave to amend").

**B.     Analysis**

Under the holding of *United States v. $84,740.00 U.S. Currency*, the lack of any verification at all in the government's complaint, like the defective verification at issue in *$84,000 U.S. Currency,* deprives the Court of jurisdiction over the defendant currency in this case. However, as the Ninth Circuit clarified in *$84,000 U.S. Currency*, the government may cure this jurisdictional defect by seeking leave of court to amend its complaint to add the requisite verification.[3]

---

[3] The Court draws the parties' attention to Rule G(5)(b) of the Supplemental Rules, which states as follows:

7

The government here seeks to do precisely that. One week after Claimant filed his motion to dismiss and/or to strike the complaint, the government filed a motion seeking the Court's leave to amend its complaint. The proposed amendment consists of adding a verification page that was prepared and executed with the original complaint but which was evidently excluded from the Adobe PDF version of the complaint that was uploaded into the Court's electronic filing system. The Court finds that applicable Ninth Circuit case law, the strong policy favoring amendments encompassed by Rule 15, as well as application of the *Foman* factors to the underlying facts, dictate allowing the proposed amendment.[4] *See United States v. $84,740.00 U.S. Currency*, 900 F2d at 1406; Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial, Calif. and 9th Cir., Ch. 8-D (when jurisdiction over the *res* is lost in a forfeiture action on account of a defective verification, the appropriate remedy is a dismissal without prejudice, allowing the defective verification to be corrected by amendment). The Court specifically addresses each of the *Foman* factors below: bad faith; undue delay and dilatory motive; failure to correct deficiencies by previous amendments granted; prejudice to the opposing party; and futility of the proposed amendment.

### *(1) Bad Faith, Undue Delay, Dilatory Motive, and Previous Amendments*

The applicable facts do not reveal any bad faith, undue delay or dilatory motive on the part of the United States; nor does the Claimant allege as much. The United States acknowledges

---

> **Answer**. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

However, the Court does not address the application of this rule to this case because the parties have not raised it, and, in particular, the government does not argue that the Claimant has waived any objection to the Court's *in rem* jurisdiction over the defendant currency.

[4] After the government's motion to amend had been fully briefed by both parties, the Claimant filed an additional brief citing cases discussing the standard for amending a complaint once the deadline to amend provided by the operative scheduling order has passed. Doc. 55. The cases cited by the Claimant are inapposite as the Court's scheduling order for this case does not set a deadline or timetable for amending the pleadings. Doc. 42.

that the signed verification (provided by Drug Enforcement Agency Special Agent Rosemary Ramirez at the time of preparation of the original complaint) was excluded from the Adobe PDF version of the forfeiture complaint that was uploaded into the Court's electronic filing system. Nonetheless, it is significant that the United States had obtained the requisite verification from Special Agent Ramirez (signed on the date of filing of the original complaint) and that this verification is present in the government's paper file. The United States avers that "failing to file the verification with the complaint was not an attempt nor an intention by the United States to allege facts that were untrue;" rather, this failure "was mere inadvertence and error," and was noticed only when Claimant filed the motion to strike and/or dismiss." Doc. 47 at 6-7. These circumstances do not support any inference of bad faith or dilatory motive. The Court does note that the case was initially filed on July 28, 2011 and that the motion to amend was brought on January 25, 2013, a year and a half later, after the Claimant's dispositive motion challenging the existence of probable cause for instituting this action had been ruled on. However, the United States filed its motion to amend within one week after the issue was raised by the Claimant in his motion to dismiss. Furthermore, the United States seeks to add only the missing verification and has not sought additional amendments to cure any other deficiencies in the complaint. Given the circumstances under which the proposed amendment is sought, the *Foman* factors of bad faith, undue delay, and previous amendments to the complaint do not bar the granting of the United States' request for leave to amend its complaint.

### *(2)  Prejudice*

Consideration of the question of prejudice to the Claimant on account of the proposed amendment also militates in favor of granting leave to amend. Here the Claimant would not be substantially prejudiced were the Court to grant leave to amend. The addition of a verification page does not affect the issues and underlying facts that will determine the outcome of this case.

While any amended complaint would supersede the original complaint, the substantive issues in the case would remain unchanged. Allowing the requested technical amendment would also not unduly protract or complicate the litigation. While certain corrective, procedural steps would be required if leave to amend were granted, adding the verification would not automatically call for re-litigating issues that have already been litigated in the case.[5] *See* 2011 WL 2224044 (D. N.J. June 8, 2011) (in forfeiture action, allowing the claimant to amend his claim will not cause settled issues in the case to be re-decided); *Public Interest Research Group v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation."). Both parties have proceeded in this litigation in a meaningful fashion as if the verification was not missing at all, and the Court does not anticipate that their efforts, such as in the course of discovery and in litigating dispositive motions, will be negated by allowing the proposed amendment. Significantly, the proposed amendment does not change or add to the claims for relief set out in the original complaint and hence does not obligate the Claimant to investigate and raise additional defenses that were not already included in the Claimant's answer to the original complaint. *See, e.g., Crawford v. Gould,* 56 F.3d 1162, 1169 (9th Cir. 1995) ("[a]mendment would not prejudice [the Defendant], because it would not require [the Defendant] to undertake an entirely new course of defense … or to conduct substantial additional discovery"); *cf. Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the district court's denial of leave to amend because "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense). Since the proposed amendment does not modify the actual claims in the

---

[5] While the lack of verification in the complaint deprived the Court of jurisdiction to adjudicate the *res* or defendant currency, such that the Court lacked the power to arrest or transfer the defendant currency, the Court still maintained jurisdiction over the case pursuant to 28 U.S.C. §§ 1345 and 1355(a).

10

complaint, notice to the Claimant regarding the subject of this action is not altered in any substantive way by allowing the amendment.

It is fair to say that both parties did not perceive the technical defect in the complaint, and its jurisdictional consequences, until after the Claimant had filed his claim, his answer, and his summary judgment motion and started to engage in discovery, including taking depositions. In the parties' Joint Scheduling Report filed on April 25, 2012, both parties agreed that jurisdiction was proper in this case. Doc. 40. Similarly, the Claimant did not challenge the complaint on jurisdictional grounds in his motion for summary judgment. Doc. 18. Indeed, even after the Claimant filed the instant motion to strike and/or dismiss, he entered into a settlement agreement with the United States and agreed to stipulate to allow the United States to add the missing verification. Docs. 66 and 71. It was only several months after the settlement agreement was reached and final dispositional documents in the case submitted that the Claimant opted not to go through with the settlement agreement and asked the Court to rule on the instant motions implicating a jurisdictional challenge. Doc. 73. Taking all the factors discussed above into consideration, including the procedural trajectory of this case, it appears that the Claimant would not be appreciably prejudiced were the Court to allow the technical amendment requested by the government.

### (3) *Futility*

As to the final *Foman* factor of futility of the amendment, here the proposed amendment would be curative not futile. Adding the verification page from the United States' paper file to the originally filed complaint would cure the jurisdictional defect that currently exists. The Claimant argues, however, that the amendment would be futile as the amended complaint would not relate back to the filing date of the original complaint, making it untimely with respect to the 90-day initial complaint filing deadline applicable to forfeiture actions such as the instant one.

11

*See* 18 U.S.C. § 983(a)(3)(A); Doc. 52 at 2. The government points out that 18 U.S.C. § 983(a)(3)(A) does not set forth the applicable statute of limitations and courts routinely have allowed amendments to asset forfeiture complaints well after the 90-day deadline for filing an initial complaint has expired. Doc. 53 at 2-4. Since the Court finds that the proposed amendment would relate back to the filing date of the original complaint, the Court deems it unnecessary to address the specifics of the Claimant's argument regarding the purported untimeliness of any amended complaint.

Rule 15(c)(1)(B) states that an amendment to a pleading relates back to the date of the original pleading for statute of limitations purposes when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See also Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988) ("The relation back doctrine of Rule 15(c) is a bar to the statute of limitations.") *citing* Fed. R. Civ. P. 15 advisory committee notes to 1966 amendment ("Relation back is intimately connected with the policy of the statute of limitations."). The "relation back doctrine of Rule 15(c) is to be liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1260 n.29 (9th Cir. 1982). Provided the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even when the revised pleading contains legal theories not included in the original. *Id.* However, the rationale of the relation-back doctrine is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties. Therefore, "the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test," but "courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1497 (3d ed.

12

2010) (Database updated December 2012).  When the original pleading puts a defendant (or, as in this case, a claimant) on notice as to the core facts underlying the dispute, the rationale behind the statute of limitations is satisfied.  *Clipper Exxpress*, 690 F.2d at 1260 n. 29.  Thus new theories or claims involving the same occurrence or core of operative facts encompassed by the original claim should not be time barred in the absence of substantial prejudice to the defendant.  *Id.*; *see also San Francisco Gen. Hosp.*, 841 F.2d at 979 ("amendment of a complaint is proper if the original pleading put the defendant on notice of 'the particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury"), *quoting Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738-39 (9th Cir. 1982) ("it is apparent from [the plaintiff's] original complaint that [the defendant] was not taken by surprise by the addition of the claim for interference with employment relations").

In the instant case, both the original complaint and the proposed amended complaint arise out of the same factual situation.  Indeed the proposed amended complaint is substantively *identical* to the original complaint and "asserts the exact same claim arising out of the exact same conduct, transaction, and occurrence as actually set forth in the original complaint."  Doc. 53, Gov't. Mtn. to Amend, at 3.  The only difference between the two complaints is that the amended complaint includes the verification page that was prepared for filing with the original complaint but was unintentionally omitted from, or failed to upload with, the electronically filed version of the original complaint.  Given that the Claimant has proceeded in this case with full notice of the nature of the government's claims and of the underlying facts, and that the amended complaint would change only the procedural posture of this case, the requirements for applying Rule 15(c)'s relation back doctrine are satisfied here.  *See F.D.I.C. v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998) (affirming district court's denial of defendants' motion to dismiss challenging the applicability of the "relation back" doctrine, where the original complaint contained all the

13

allegations subsequently restated in the operative amended complaint, as defendants could not realistically claim lack of notice of the claims against them).

Finally, it is clear that amendments that merely correct technical deficiencies "meet the Rule 15(c)(1)(B) test and will relate back." Wright et al., *supra* § 1497. More specifically, "[a]mendments curing a defective statement of subject matter jurisdiction, venue, or personal jurisdiction will relate back since they do not violate the standard prescribed by [Rule 15]." *Id.*; *also see Carney v. Resolution Trust Corp.*, 19 F.3d 950 (5th Cir. 1994) (amended complaint relates back to date of original filing, even when the amendment states a new basis for subject-matter jurisdiction); *Glover v. City of New York*, 446 F. Supp. 110 (E.D.N.Y. 1978) (amended complaint alleging new jurisdictional basis but not new facts related back to filing date of original complaint); *Boyce v. Anderson*, 405 F.2d 605 (9th Cir. 1968) (allowing amendment to cure jurisdictional defect in complaint after statute of limitations had expired because the claims were not modified); *Phillips v. U.S. Army Corps of Engineers*, 629 F. Supp. 967 (S.D. Miss. 1986) (amendment to modify jurisdictional foundation related back because the opposing party had notice of the suit through service of the original complaint).

Relation back is appropriate here and the amended complaint would therefore be deemed filed as of the filing date of the original complaint. Consequently, the proposed amendment is not futile as alleged by the Claimant. The Court does not address the issue of whether the amended complaint would be timely even without relating back to the filing date of the original complaint. Here, the relation back permitted by the Court obviates any challenges to timeliness of the amended complaint whether based on the applicable statute of limitations as set forth in 19 U.S.C. § 1621,[6] or, as the Claimant suggests here, on the 90-day deadline in 18 U.S.C. § 983(a)(3)(A) for

---

[6] Pursuant to 19 U.S.C. § 1621, the statute of limitations for civil forfeiture actions is 5-years from the discovery of the offense, or 2 years from the discovery of an asset involved in the offense, whichever is later. This case arose from the discovery of the defendant currency during a traffic stop conducted on January 25, 2011. The original

14

filing an initial complaint in a forfeiture action arising from an administrative forfeiture of property.

### III. CONCLUSION AND ORDER

Amendment of the complaint is appropriate here in light *of $84,740.00 U.S. Currency*, the liberal policies underlying Rule 15(a), and the Court's application of the *Foman* factors. Accordingly, the United States' original complaint is dismissed without prejudice and the arrest warrant that was issued pursuant to the original complaint is vacated. The Clerk of this Court is directed to file the amended complaint provided by the government in Doc. 47-3.

Within 10 court days of the date of issuance of this order, the government shall obtain a new warrant for arrest of articles *in rem* based on the verified amended complaint, in order for the defendant currency to be re-arrested under process of the Court. *See, e.g., United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1406 (9th Cir. 1990); *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1144 (9th Cir. 2008) (a civil forfeiture proceeding is an action *in rem* and *in rem* jurisdiction is obtained by arrest under process of the court); *Alyeska Pipeline Service Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir.1983) ) ("Jurisdiction over the *res* is obtained by arrest under the process of the court. In the absence of an arrest, no decree *in rem* can be rendered against the *res*."); *United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc.*, 988 F.2d 1281, 1288–89 (1st Cir.1993) ("without an effective seizure of the property, the court may lack jurisdiction to forfeit the property to the government"). Finally, the government shall take the necessary steps to give requisite notice thereof in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The Court sets a status conference for January 14, 2014 in Courtroom 10 at 10:30 a.m. to

---

complaint was filed on July 28, 2011. The government filed its motion for leave to file an amended complaint on January 25, 2013.

address the procedural posture of this case in light of this order.  The parties are directed to meet and confer in advance of the status conference to discuss how they plan to proceed (including whether the Claimant must file a new claim and/or answer in light of the amended complaint) as well as the status of discovery.  The parties are encouraged to resolve issues by stipulation where possible, so that the case may proceed as efficiently as possible.  The parties are further directed to identify a feasible trial date as well as applicable pre-trial deadlines so that the Court may set a schedule for this case.  The parties shall file a joint status report one week prior to the status conference, outlining the procedural steps to be taken and providing the necessary dates and deadlines for scheduling this case.

IT IS SO ORDERED.

Dated: __**December 20, 2013**__          _____**/s/ Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE